UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DONALD BROWN, et al.,                    )
                                         )
         Plaintiff(s),                   )
                                         )
    Vs.                                  )        Case No. 4:02CV00157ERW
                                         )
CHRISTOPHER N. DOORACK,                  )
                                         )
         Defendant(s).                   )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Contempt [doc. #50].

## I. BACKGROUND FACTS

This Court entered a default judgment on March 28, 2003, awarding Plaintiffs $6,000 in damages. Following the entry of default, Plaintiff sent two notices for post-judgment depositions and requests for the production of documents to the Defendant. When Defendant twice failed to appear Plaintiffs filed a Motion to Compel, a hearing was held on this motion on June 22, 2005, and the Defendant was ordered to appear for a deposition scheduled for June 29, 2005. Defendant again failed to appear, at which time Plaintiffs filed their first Motion for Contempt. This Motion was withdrawn by the Plaintiffs, stating that the Defendant had contacted them with an offer of settlement.

Apparently no settlement was reached, and on January 19, 2006, Plaintiffs again sent Defendant notice of deposition and request for the production of documents. On April 27, 2006, Plaintiffs again filed a motion to Compel, which was granted, and Defendant again failed to appear. The Plaintiffs then filed a second Motion for Contempt [doc. #50]. The Court found the

1

Defendant to be in contempt and again ordered compliance with the request for the production of documents and appearance at a deposition, with the potential for the imposition of fines or imprisonment if the Defendant failed to comply. On September 26, 2006, the Court held a hearing on the issue of Contempt, at which the Defendant again failed to appear.

## II. STANDARD

Under the Federal Rules of Civil Procedure, a court may issue sanctions under Rule 37(b) for the failure to comply with a previously issued court order. Specifically Rule 37(b)(2)(D) states, "in lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental exam." Fed. R. Civ. P. 37(b)(2)(D). The Supreme Court in *Seattle Times Co. v. Rhinehart*, recognizes that if a party fails to comply with a request for discovery then "the court may issue an order directing compliance that is enforceable by the court's contempt powers." 467 U.S. 20, 30 (1984). The Eighth Circuit has further held that an order of contempt may not be entered until after an order by the court compelling discovery. 585 F.2d 1367, 1371 (8th Cir. 1978).

## III. DISCUSSION

It is clear from the above list of facts that the Defendant in this case have been given numerous opportunities to respond to the Plaintiffs' requests for discovery. On June 23, 2005, this Court granted Plaintiffs' Motion to Compel Discovery, which Defendant disregarded, and granted a second Motion to Compel on May 24, 2006, which Defendant again disregarded. The Court held a hearing on September 26, 2006, after Defendants had failed to comply with an order of Contempt which had been granted on August 16, 2006. This Court has given the Defendant every opportunity to voluntarily comply with this Court's orders, and the Defendant has failed to

do so.  It is therefore within the Court's contempt powers, under the authority of Rule 37, to order the Defendant in Contempt of Court.  Fed. R. Civ. P. 37(b)(2)(D).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Christopher Doorack is found in civil contempt of this Court.

**IT IS FURTHER ORDERED** that Defendant is to pay $200 per day for a period not to exceed ten (10) days, payable to the Clerk of the Court, beginning September 29, 2006.

**IT IS FURTHER ORDERED** that Defendant Doorack may purge himself of this contempt by producing the following records:

1.    All tax returns of Christopher Doorack for the years 2002 to date.

2.     All records of income received by Christopher Doorack at any time from January 1, 2002 to date.

3.    All documents relating to motor vehicles in which Christopher Doorack has or has had an ownership interest from January 1, 2002 to date.

4.    All documents relating to any other contracts, subcontracts, or work in which Christopher Doorack has or has had an ownership interest from January 1, 2002 to date.

5.    All records relating to monies currently owed to Christopher Doorack.

6.    Current statements of all bank accounts held by Christopher Doorack.

7.    All records relating to real or personal property owned by Christopher Doorack.

8.    All records of accounts receivable of Christopher Doorack.

**IT IS FURTHER ORDERED** that on October 11, 2006 at 1:30 p.m. the Defendant Christopher Doorack will appear at the United States District Court, St. Louis, Missouri, Courtroom 12 South for purposes of giving his deposition.

**IT IS FURTHER ORDERED** that if Defendant Christopher Doorack fails to produce the records requested in this order, this Court will enter an order at the expiration of ten (10) days after September 29, 2006, that his body be seized by the United States Marshal Service and brought to the United States District Court, St. Louis, Missouri, Courtroom 12 South, for purposes of giving a deposition, and at such time he will bring with him the above listed records.

**IT IS FURTHER ORDERED** that Defendant shall pay Plaintiffs' costs and fees associated with the Plaintiffs' Motions to Compel and Motions for Contempt in the amount of $1,571.85.

Dated this <u>29th</u> Day of September, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE